## Jacob Yoner *against* John Neidig.

In trover, plaintiff must prove property in the thing in controversy.

TROVER for a parchment deed, executed by the plaintiff to the defendant, and one Michael Quickel.

The plaintiff had conveyed to Neidig and Quickel an old right to locate 400 acres of land, on the 22d May 1761, and they had passed their bond to him for 330l. A suit had afterwards been brought on this obligation, and referees had been appointed by consent at *Nisi Prius*, who reported in favour of Neidig, April term, 1770.

The counsel for the plaintiff contended, that as the referees had been of opinion that no lands could be secured under the old right, the same should have been delivered up to Yoner on demand, and that the defendant held the same as his trustee; and that though he had succeeded against him in the action of debt, yet the present suit will lie, and cited 1 Burr. 301. 4 *Burr. 2336. 3 Mod. 1, 2. 1 Mod. 207. Cro. Car. 35. Cro. El. 667. [*20

But the court was clearly of opinion that in trover the plaintiff must prove property in himself, in the subject of controversy. In this case, Yoner having executed a conveyance to Neidig and Quickel, the deed belonged to them, and he could have no recourse to them for the deed, which was their property by the plaintiff's act, and therefore directed a nonsuit, which was had accordingly, and the jury discharged from giving a verdict. *Vid.* Bull. 33 to 36.

Messrs. Bradford, Hartley, and Bowie *pro quer*.

Messrs. C. Smith and Clark *pro def*.